GRAVES, Circuit Judge,
concurring in the judgment only:
I agree to affirm the judgment of the district court because I agree that Erickson’s home loan was valid under the Texas Constitution and that Wells Fargo may pursue a judicial foreclosure on the property securing the loan. As the majority opinion explains, the plain language of Erickson’s deed of trust does not prohibit the Trustee from filing suit to initiate a judicial foreclosure. Therefore, the terms of the loan do not violate the Texas constitutional requirement that a home-equity loan be “secured by a lien that may be foreclosed upon only by a court order.” Tex. Const, art. XVI, § 50(a)(6)(D). Erickson’s argument that Wells Fargo may not pursue a judicial foreclosure absent a contractual provision allowing Wells Fargo to do so is also unavailing. While the right to pursue foreclosure under the power of sale in a deed of trust is most certainly a right that arises from the parties’ contract, judicial foreclosure is a remedy independent of that contract. As such, the district court did not err when it held that Wells Fargo had a right to seek the remedy of judicial foreclosure when Erickson defaulted on the August 9, 2002 loan.
I also agree that the Bankruptcy Court properly granted Erickson an extension of time to appeal the bankruptcy court’s judgment but for reasons different from those set out in the majority opinion. As *285 the district court explained, the automatic stay that was triggered when Erickson filed for Chapter 7 bankruptcy was lifted when he was discharged from bankruptcy on February 9, 2010. Therefore, the bankruptcy court’s April 28, 2011 order in the related adversary proceeding between Erickson and Wells Fargo could not have lifted an automatic stay from Erickson’s Chapter 7 case, since the automatic stay ended when that case was closed.
For these reasons, I affirm.